IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       No. 14-cr-03758 JCH

LUIS MENDOZA-ALARCON,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE AND COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Luis Mendoza-Alarcon's pro se *Motion to Reduce Sentence Under 18 U.S.C. § 3582 and First Step Act of 2018* (ECF No. 313).[1] Mr. Mendoza-Alarcon has neither exhausted his administrative remedies nor proven that extraordinary and compelling reasons warrant a sentence reduction, so the Court denies his motion.

**I.**    **Background**

On June 2, 2017, a jury found Mr. Mendoza-Alarcon guilty of a conspiracy to traffic five kilograms or more of cocaine. *See* Verdict 1 (ECF No. 202); *see also* Redacted Superseding Indictment 1 (ECF No. 80) (charging conspiracy, under 21 U.S.C. § 846, to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 841(a)(1), (b)(1)(A)). On January 11, 2018, the Court sentenced Mr. Mendoza-Alarcon to 144 months in prison. *See* Sentencing Proceedings Mins. Sheet 1 (ECF No. 250).

---

[1] Because Mr. Mendoza-Alarcon proceeds pro se, the Court construes his brief liberally but does not serve as his advocate. *See United States v. Williams*, 848 F. App'x 810, 811 n.1 (10th Cir. 2021).

1

Mr. Mendoza-Alarcon wrote to the Court on March 11, 2021. *See* Mot. to Reduce Sentence 1 (ECF No. 313). He asked for clemency through the First Step Act. *See id.* The Court interprets his request as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

## II.     Exhaustion of Administrative Remedies

Mr. Mendoza-Alarcon must first prove that he exhausted his administrative remedies. A defendant may move to modify a term of imprisonment with a district court only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The burden to prove exhaustion belongs to the defendant. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) ("[The defendant] has failed to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A)."); *United States v. Patton*, No. 16-cr-40113, 2022 WL 2134197, at *2 (D. Kan. June 14, 2022).

Bureau of Prisons regulations elaborate the statutory requirements. A defendant may first move for compassionate release under 28 C.F.R. § 571.61. This request shall ordinarily be in writing and submitted to a warden. 28 C.F.R. § 571.61. If the warden denies the request, then "the inmate will receive written notice and a statement of reasons for the denial." 28 C.F.R. § 571.63. At that point, the defendant may appeal the warden's denial "through the Administrative Remedy Procedure (28 C.F.R. part 542, subpart B)." *Id.*

Mr. Mendoza-Alarcon does not indicate that he initially moved for compassionate release with the warden of his facility, Great Plains Correctional Institute. *See* Mot. to Reduce Sentence 1-2 (ECF No. 313). Nor does Mr. Mendoza-Alarcon state that he pursued relief through the Bureau of Prison's Administrative Remedy Procedure. *See id.* As a result, Mr. Mendoza-Alarcon has not

satisfied the exhaustion requirement. This failure to exhaust administrative remedies compels the denial of his motion for compassionate release. *See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) (noting that "courts lack discretion to excuse the failure to exhaust administrative remedies" required by statute).

### III. Consideration of Merits

In the alternative, Mr. Mendoza-Alarcon's motion fails on its merits. The Court follows a three-step test when analyzing whether compassionate release is justified. *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). A court may grant a defendant's motion for a reduced sentence if the court finds that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction reflects applicable policy statements issued by the Sentencing Commission; and (3) the reduction fits the district court's consideration of the 18 U.S.C. § 3553(a) factors. *Id.* A court may deny compassionate release motions when one of the three steps is lacking without addressing the others. *Id.* at 1043.

Medical conditions rarely provide an extraordinary and compelling reason to warrant compassionate release. *See United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). With respect to the pandemic, "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Purify*, No. 20-cr-05075, 2021 WL 5758294, at *4 (10th Cir. Dec. 3, 2021) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Relief for incarcerated persons who are fully vaccinated is rarer still. *See, e.g.*, *United States v. Wills*, 541 F. Supp. 3d 1185, 1190-91 (D. Or. 2021) (collecting cases).

Mr. Mendoza-Alarcon appears to justify his request for compassionate release by citing the pandemic. *See* Mot. to Reduce Sentence 1-2 (ECF No. 313). He does not identify, however, how

the pandemic has been particularly difficult for him. As a result, Mr. Mendoza-Alarcon has not shown the presence of extraordinary and compelling circumstances. *See Purify*, 2021 WL 5758294, at *4. Mr. Mendoza has also been vaccinated, which further cuts against a finding of extraordinary and compelling circumstances. *See, e.g.*, *Wills*, 541 F. Supp. 3d at 11; *see also* Gov.'s Ex. 1, at 1 (ECF No. 317-1).

Because Mr. Mendoza-Alarcon does not satisfy one of the three *McGee* steps, he is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See McGee*, 992 F.3d at 1043.

### IV.  Conclusion

**IT IS THEREFORE ORDERED** that Mr. Mendoza-Alarcon's *Motion to Reduce Sentence Under 18 U.S.C. § 3582 and First Step Act of 2018* (**ECF No. 313**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**